UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHELALARA VINEYARD AND WINERY, et al., <br>     Plaintiffs, <br><br> v. <br><br> THE PURPLE CAT VINEYARD AND WINERY, et al., <br>     Defendants. | C.A. No. 15-001-M-LDA |

## ORDER

Before the Court is Plaintiffs' Motion for Sanctions (ECF No. 54) against Defendants for discovery abuse and violations of this Court's orders. This is Plaintiffs' second motion for sanctions alleging discovery abuse. *See* ECF No. 52. A brief review of relevant procedural history will put the motion and this Court's ruling in context.

1. Plaintiffs served Defendants with a Second Request for Production of Documents on August 16, 2016. Responses were due September 19, 2016. Despite repeated contact between Plaintiffs' and Defendants' counsel, no documents were produced within the deadline or even after the close of an extended October 31, 2016 fact discovery period.

2. On October 31, 2016, Plaintiffs filed a Motion to Compel, Defendants did not file an objection, and the Court granted the unopposed motion on November 18, 2016, compelling Defendants to respond to the production request.

3. Because Defendants still did not produce the documents, on December 2, 2016, Plaintiffs filed another motion requesting an expedited order requiring Defendants to produce the documents or be sanctioned. Defendants failed to timely object, but did finally file an objection two days after the due date asserting that the motion was moot because they provided responses to the document production request.

4. The Court denied the motion for sanctions without prejudice because of Defendants' representation that they produced the documents, but entered in the text order that "[f]or any failure to produce timely, the Court will entertain an appropriate motion from the Plaintiff for specific sanctions, including issue preclusion and/or entry of default judgments, costs, and attorney fees." (TEXT ORDER dated December 12, 2016).

5. Defendants finally responded to the months-old production requests and court orders, by asserting objections to some of the requests without producing the requested documents.

6. On January 11, 2017, Plaintiffs moved for sanctions based on Defendants' continued failure to produce documents and violations of the Court's orders compelling production. They seek an order precluding Defendants from "offering evidence at trial to defend against Plaintiffs' claims." They also seek attorneys' fees and costs.

7. Defendants responded to the Motion for Sanctions (a day late) by reasserting objections to three of the months-old Requests for Production. By this time, the objections had been long waived.

Based on its review of the way discovery transpired in this case, the Court finds that the Defendants have consistently failed in their responsibilities under the rules of discovery. Moreover, they have disregarded the Court's orders without justification or excuse. The Court made the Defendants fully aware of the consequences of their failure to comply and they have consistently failed to meet their responsibilities under the rules of discovery and flout this Court's orders. *Harriman v. Hancock*, 627 F.3d 22, 29-30 (1st Cir. 2010). Therefore, pursuant to Fed. R. Civ. P. 37(b)(2)(A), the Court imposes sanctions against the Defendants as follows:

a) Plaintiffs shall submit to the Court a proposed list of facts to be designated as established that arise from Defendants' non-disclosures in Plaintiffs' Second Request for Production numbers 7, 13, and 14; and

b) An itemized listing of attorneys' fees and expenses Plaintiffs have incurred in having to pursue the document production and sanctions motions.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

February 6, 2017